## UNITED STATES v. SCHWARZ.

United States District Court
S. D. New York.
March 7, 1949.

---

934

John F. X. McGohey, U. S. Atty., and William J. Sexton, Asst. U. S. Atty., both of New York City, for the United States.

Herbert Zelenko and Sidney Kansas, both of New York City, for the defendant.

CLIFFORD, District Judge.

This is an action brought by the United States of America under Title 8 U.S.C.A. § 738 for the purpose of revoking the order admitting the defendant to citizenship, on the ground that his certificate of naturalization was illegally procured. The alleged illegality is that the defendant did not fulfill the requirements as to residence in the United States and the State in which he was residing at the time of filing his petition.

The Government makes no contention that the defendant was not physically present in the United States and in New York for the required periods, but asserts that a warrant for his deportation was outstanding against the defendant at the time when he petitioned for and received his naturalization certificate. It is the Government's

argument that the existence of such a warrant, based on findings that the defendant was likely to become a public charge at the time of his entry and also that he was a person of constitutional psychopathic inferiority at the time of his entry, rendered void any attempted residence which might be claimed by the defendant.

On January 2, 1939 the defendant entered the United States. In July of 1939 he entered the Brooklyn State Hospital where he allegedly was treated as a mental patient. On October 16, 1939 a warrant for his arrest was issued. On October 20, 1939 hearing was had before Immigrant Inspector V. I. Pyknen, on the basis of which a warrant for deportation was issued on January 25, 1940. Actual compliance with this warrant was held up because of the then existing international situation, the defendant having been ordered in the warrant to Germany.

In March, 1941, the defendant filed his declaration of intention to become a United States citizen. In February of 1944 he filed his petition for naturalization, being admitted to citizenship in March of 1944.

There are two issues in the proceeding as it was presented to the Court. The first is whether the individual who is the subject of Immigration and Naturalization file number 56019-987, Government's Exhibit 1, is the same person as the defendant in this case. Mr. V. I. Pyknen, an Immigration Service Inspector identified the exhibit as the transcript of a hearing had before him concerning one John Hans Schwarz. Mr. Pyknen was not, however, able to identify the defendant in court. Thereupon the Government proceeded to show the similarity between the information given to Mr. Pyknen in the deportation hearing and that contained on the petition for naturalization submitted by the present defendant. Although some discrepancies in the two documents appear in the transcripts, examination of the documents themselves reveals a close correspondence of data. Nevertheless, the Court, were this the only question in the case, would be reluctant to rely entirely on coincidence in establishing the identity of this defendant as the person against

whom a warrant for deportation is outstanding. The law is clear that citizenship, once given, is to be taken away only on proof which is clear, unequivocal, and convincing.

Assuming this defendant is the person against whom a warrant has been issued and is still outstanding, the second issue of the case is whether such fact in itself renders illegal and void all residence claimed by the defendant. This Court's answer is that it does not.

■ It is conceded that persons of constitutional psychopathic inferiority and persons likely to become a public charge are within categories of persons which "shall be excluded from admission into the United States", 8 U.S.C.A. § 136(a, i). It must also be recognized that an excludable alien who has been allowed to enter is deportable, 8 U.S.C.A. § 155. And, finally, it must be borne in mind that an order of the Immigration Service cannot be collaterally attacked in this Court. But the question remains as to the effect of an outstanding warrant for deportation.

■ The facts in this case are very similar to those in the recent case in this district of Petition of Popper, D.C., 79 F. Supp. 530. In that case the petitioner was seeking a certificate of naturalization. The Government opposed her on the same ground as that asserted here, namely, that she had failed to establish sufficient legal residence. In that case a warrant of deportation had issued many years before the petition for naturalization was filed. Judge Rifkind, distinguishing statutes which in their terms declared residence in violation of their terms to be illegal, stated 79 F.Supp. at page 532:

"The section under which the order of deportation was made against the petitioner in the instant case, 8 U.S.C.A. § 155 (a), does not denounce as unlawful the continued residence of a person against whom such order is made. It prescribes that a person of the categories mentioned be deported."

It will be noted that the statute so construed is the same as that governing the present case. As Judge Rifkind further pointed out, had Congress so desired, it could have provided that a person subject to an order of deportation shall not be eligible for naturalization. The fact is that Congress has taken no such action although courts have in the past admitted to citizenship persons subject to deportation.

The Government attempts to distinguish the Popper case from the present one in that, first, the warrant of deportation in the Popper case was not based upon grounds existing at the time of entry but upon grounds which came into existence after such time, and second, the Government did not, in the Popper case, still contemplate deportation of the petitioner under the warrant, whereas in this case the Government has sought to enforce the warrant as soon as practicable after the close of hostilities. As for the first alleged distinction, the fact which appears to be the important one is not at what time grounds for deportation came into existence but rather that the statute in both instances, while setting forth what persons shall be prevented from entering the United States and what persons shall be deported, does not cover the additional ground of proclaiming that residence contrary to such clauses shall be illegal. This Court is of the opinion that if Judge Rifkind's ruling was proper in the Popper case, the same construction should govern this case.

As for the second alleged distinction, that of the present interest of the Government in enforcing the warrant of deportation, it is the feeling of this Court that such a factor is entirely too subjective a one to serve as the basis for disposing of a case such as this. If residence in the United States despite the existence of a warrant of deportation is legal in the Popper case, it should also be legal in the instant case. To this extent this Court does not follow the suggestion of Judge Rifkind in the Popper case, 79 F.Supp. at page 532, that "Perhaps such an inference (i. e., the demise of an order of deportation) could not be drawn where the Government continued to assert an interest in the deportation."

Counsel for the Government has alluded to the fact that "powerful equities" helped

bring about the Popper decision. It may well be noted that such equities are apt to be present in cases such as the instant one where the question is not merely that of denying citizenship to an applicant but the more extreme request to take away citizenship already obtained and enjoyed for a substantial length of time.

The Government has cited in its brief several cases which hold that failure to comply with the procedure required for naturalization, such as omitting to file a certificate of arrival, is a fatal obstacle to the acquisition of citizenship. No contention is made in this case that the defendant omitted to take the necessary procedural steps. The Government's position is merely that, a warrant for deportation having issued, all later acts done by the defendant in compliance with all the relevant procedural statutes and regulations were of no effect. As has been above stated, this Court does not see fit so to enlarge the statute pertaining to grounds for deportation.

The defendant's motion to dismiss is, therefore, for the above reasons, granted.